Thelma T. Bourne Executive Secretary Colorado Mobile Home Licensing Board 1525 Sherman Street, Rm. 110 Denver, Colorado 80203
Dear Ms. Bourne:
I am in receipt of your letter dated June 7, 1979 in which you request an attorney general opinion concerning the parameters of the exemption contained in C.R.S. 1973, 12-51.5-101(5)(e).
QUESTIONS PRESENTED AND CONCLUSIONS
Your letter poses two questions:
1. Whether the mobile home licensing exemption contained at C.R.S. 1973, 12-51.5-101(5)(e) permits real estate brokers and salesmen to engage in mobile home transactions where the only transfer of real estate is a transfer of a month-to-month or similar tenancy?
2. Whether a real estate broker or salesman acting under the mobile home exemption, C.R.S. 1973, 12-51.5-101(5)(e) must participate in the negotiation of the sale or transfer of an interest in land as a broker or salesman in order to be exempt from mobile home dealer or salesman licensing?
 The answer to your first question is that real estate brokers and salesmen are not exempt from the provisions of the Mobile Home Dealers Act where the primary subject of a transaction is a mobile home and not an interest in land. The answer to your second question follows from this. A real estate broker or salesman must be involved in a transaction where negotiations for the sale or transfer of an interest in land is a significant bargaining matter between the respective parties before an exemption from the Mobile Home Dealer Act applies.
ANALYSIS
The Mobile Home Dealer Act, C.R.S. 1973, 12-51.5-101 etseq., establishes a regulatory scheme in which individuals engaging in specific acts pertaining to the sale or conveyance of mobile homes are licensed as mobile home dealers or salesmen. Exempted from the term "Mobile Home Dealers" and their licensing requirements are:
 12-51.5-101(5)(e) Real estate brokers and real estate salesman engaged in "transactions in which the sale or transfer of an interest in land is an integral part of the transaction."
Applying the general principle of law that exemption from regulatory schemes are to be narrowly construed, it is apparent that the above exemption applies only where:
 1. A real estate broker or salesman is engaged in a transaction involving a mobile home;
 2. The transaction involves the sale or transfer of an interest in land as well as the mobile home; and
 3. The sale or transfer of the interest is an integral part of the mobile home transaction.
The initial question you raise in your letter relates to the third element of the exemption. The question you pose is whether the transfer or assignment of a month-to-month tenancy at the time the mobile home is purchased is sufficient to be considered an integral part of the transaction. The answer depends upon a factual analysis of each case. Some mobile home transactions may involve significant negotiation and bargaining over a particular lot or location albeit only on a month-to-month tenancy basis. Others, may only include an interest in land as an incidental token consideration.
The closer the transaction is to a sale of land in fee the greater the presumption of satisfying the third element of the exemption.
The second question you pose relates to the first.
SUMMARY
It is clear from the statutory language that the exemption applies only where the real estate broker or salesman acts within his real estate licensed capacity in the listing, sale or transfer of real property. The process of negotiating a real property sale or transfer is thus essential before the exemption attaches.
I hope that this opinion satisfies your needs.
Very truly yours,
 J.D. MacFARLANE Attorney General
MOBILE HOMES LICENSES REAL ESTATE AGENTS, BROKERS, DEALERS, AND SALESMEN
C.R.S. 1973, 12-51.5-101(5)(e)
REGULATORY AGENCIES, DEPT. Mobile Home, Bd. of
Real estate brokers and salesmen are not exempt from licensing by the Mobile Home Board where primary subject of a transaction involves a mobile home and not an interest in land.